TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0102
     Facsimile: (213) 894-6269
     E-mail:    andrew.brown@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:21-cr-00023-JAK |
|---|---|
| Plaintiff, | |
| v. | GOVERNMENT'S SENTENCING POSITION; EXHIBITS |
| LYNDON FRANCISE SLUSHER, | Hearing: August 25, 2021 |
| Defendant. | 8:30am |

**MEMORANDUM OF POINTS AND AUTHORITIES**

The government concurs in the findings of the Presentence Report, which results in a guideline range of 78-97 months in prison. The Probation Office recommended a low-end sentence of 78 months, followed by four years of supervised release. While that is reasonable, mindful of the parsimony principle, the government recommends a shorter prison sentence with more supervised release as more humane to defendant, and cheaper for the taxpayers: 60 months in prison, followed by five years of supervised release.

1

## I. THE 3553(A) FACTORS

In the main, the sentencing guidelines capture well the aggravating and mitigating facts of this case, embracing the roughly three-quarters of a million dollars in loss, the sophisticated nature of the fraud which involved setting up an entire sham medical imaging business just to deplete credit accounts, defendant's use of his special training as a sonogram technician to give the fraud verisimilitude, the many victims whose identities were misused in the fraud, and defendant's acceptance of responsibility, as shown through his waiver of indictment and prompt guilty plea.  One factor not reflected in his guideline range, however, is discussed below.

### A. DEFENDANT ATTEMPTED THE SAME SCAM BEFORE--AND LATER

While the offense defendant perpetrated through the sham business Access Imaging was long-lasting, it was not his first attempt to commit this fraud, nor his last.  Defendant first set up a sham imaging business in 2010, "Best Way Imaging."  (Exh. search warrant affidavit ¶¶ 37-39; PSR ¶ 18 & fn. 1).  He tried to get permission for this business to charge Synchrony credit accounts—the kind he used in the instant fraud—but failed.  Ultimately, he used a series of business credit cards, most often associated with Best Way Imaging, to stiff banks for about $200,000 in losses in a bust-out scheme involving fake payments to the banks.  (Exh. ¶ 39.)  Then in 2018, defendant tried again with another sham business, "Morningside Imaging."  (PSR ¶ 19.)  Again he tried to get permission to charge Synchrony credit accounts, but that bank rejected his application because his business appeared to be just a shell.  (Exh. ¶¶ 25-28.)  Even after defendant successfully defrauded Synchrony Bank out of three-quarters of a million dollars using Access Imaging mostly in

2019, defendant tried to set up yet another imaging business, "2020 Imaging," again seeking permission to charge Synchrony credit accounts. (Exh. ¶¶ 29-33.) But agents executed a search warrant on that business before it received permission to charge Synchrony accounts, so there were no losses yet associated with it. Defendant's pattern of setting up sham imaging businesses to commit fraud shows that defendant is unusually hard to deter. We would hope that defendant would learn from the failure of his first attempt to defraud Synchrony Bank that crime does not pay, and to turn his efforts to lawful pursuits. Instead, he appears to have learned all the wrong lessons, and merely made his next attempts at the same fraud more sophisticated and believable.

///

**CONCLUSION**

The government recommends a lenient sentence of only 60 months in prison as a permissible Booker variance, to be followed by the maximum term of supervised release: five years. Defendant's longest prison sentence to date is two years (PSR ¶ 71), and that was decades ago. The government hopes that a 60-month sentence will be long enough to impress upon defendant the need to forsake crime, especially with the aid of probation officer and a lengthy term of supervision.

Dated: July 20, 2021        Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

/s/ Andrew Brown

ANDREW BROWN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA